IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    -v-                                                                       12-CR-0125-W

JOEL MARCUS,

                        Defendant.

---

## GOVERNMENT'S RESPONSE TO
## DEFENDANT'S SENTENCING MEMORANDUM

**THE UNITED STATES OF AMERICA**, by and through its attorney, James P. Kennedy, Jr., United States Attorney for the Western District of New York, and the undersigned Assistant United States Attorney, Russell T. Ippolito, Jr., respectfully files this response to Defendant's Sentencing Memorandum (Dkt. 908).

## PRELIMINARY STATEMENT

On September 6, 2018, the defendant, JOEL MARCUS, appeared before this Court and pleaded guilty to count one of the Indictment which charged a violation of Title 18, United States Code, Sections 1349, [Conspiracy to Commit Wire Fraud]. The Presentence Report (PSR), consistent with the plea agreement, determined that §§ 2X1.1(a) and 2B1.1(a)(1) apply to the sentencing guideline calculation and the defendant's base offense level is 7. The PSR also determined that the loss amount was greater than $95,000 and less

than $150,000. The offense level, therefore, was increased by 8 levels pursuant to § 2B1.1(b)(1)(E). The PSR further determined that the offense involved ten or more victims and the offense level was increased by 2 levels pursuant to § 2B1.1(b)(2)(A)(i). In addition, the PSR determined that a substantial part of the scheme was perpetrated from outside the United States and the offense level was increased by 2 levels pursuant to § 2B1.1(b)(10)(B). The government does not oppose the 3 level downward adjustment for acceptance of responsibility pursuant to § 3E1.1(a) and (b). As a result, the PSR is consistent in all respects with the plea agreement in that the total adjusted offense level is 19. The government further moved the Court to depart downward from the guidelines 3 levels as provided for in Guidelines § 5K1.1 which, if granted by this Court, would result in an offense level 16 and a guideline sentence of 12 to 18 months imprisonment.

This Memorandum is submitted in support of a guideline sentence of 12 to 18 months imprisonment.

## STATEMENT OF FACTS

The government concurs with and relies on the statement of facts outlined in the PSR at paragraphs 8 through 81.

## DISCUSSION

Title 18, United States Code, Section 3553(a) requires that this Court "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in

[18 U.S.C. § 3553(a)(2)]." In determining the sentence, this Court must consider the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
>>
>>> (I) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>>>
>>> (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
>>
>> (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code,

taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement—

    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

    (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

In executing these statutory responsibilities, the Court must first correctly calculate the applicable Guidelines range. Gall v. United States, 128 S.Ct. 586, 596 (2007). This range is "the starting point and the initial benchmark." Id. Although this Court must treat the Guidelines as advisory, United States v. Ratoballi, 452 F.3d 127, 131-32 (2d Cir. 2006), an error in determining the applicable Guideline range or the availability of departure authority nonetheless would be the type of procedural error that could render a sentence unreasonable on appellate review. United States v. Selioutsky, 409 F.3d 114, 118 (2d Cir. 2005). Further,

while this Court "does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply," Rita v. United States, 127 S.Ct. at 2465, the Second Circuit has observed that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be [upheld as] reasonable in the particular circumstances." United States v. Fernandez, 443 F.3d 19, 27 (2d Cir. 2006). See also United States v. Eberhard, 525 F.3d 175, 179 (2d Cir. 2008).

Next, after giving the parties an opportunity to argue for whatever sentence they deem appropriate (consistent with any limitations imposed by the plea agreement), this Court must then "consider all the § 3553(a) factors to determine whether they support the sentence requested by a party." Gall, 128 S.Ct. at 596. In determining whether the § 3553(a) factors support the requested sentence, the Court "must make an individualized assessment based on the facts presented." Id., at 597. In that regard, "[n]o limitation shall be placed on the information concerning the background, character and conduct of a person convicted of an offense which a court . . . may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661.

After settling on the appropriate sentence, the Court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." Id., citing Rita, 127 S.Ct. at 2456. Although this Court need not engage in "robotic incantations" with respect to its consideration of the § 3553(a) factors, Fernandez,

5

443 F.3d at 30, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority." Rita, 127 S.Ct. at 2468.

### A Guideline Sentence is Sufficient but Not Greater than Necessary to Achieve the Purposes of 18 U.S.C. § 3553

The government contends that the defendant should be sentenced within the sentencing guidelines range. The government requests that this Court carefully consider the factors contained in Title 18, United States Code, Section 3553, and then fashion a sentence that is fair, just and reasonable.

As indicated above, the parties have agreed that the total adjusted offense level is 19, and if the government's motion for a downward departure is granted, the total adjusted offense level is 16. The resulting sentencing guideline range would be 12 to 18 months imprisonment, a fine of $5,000 to $50,000, and a period of supervised release of 1 to 3 years.

Pursuant to paragraph 12 of the plea agreement, the parties agreed to "reserve the right to recommend a sentence outside the Sentencing Guidelines range."

It is the government's position that a sentence of 12 to 18 months imprisonment is sufficient to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). The defendant

played an integral part in the conspiracy in that he enabled other conspirators to sell restricted shares of nearly worthless stock from a boiler room in Barcelona, Spain. The defendant procured the restricted stock in order to have such stock sold to unsuspecting investors overseas. By doing so, the defendant gave the appearance of legitimacy to the fraudulent transactions.

The government is also aware that the defendant took efforts, at the urging of other conspirators, to have a "warning" to investors removed from the CCTC website. The boiler room in Barcelona, Spain sold CCTC stock to unsuspecting investors that it had obtained from the defendant. Investors who were defrauded contacted CCTC directly and complained that they were duped into purchasing restricted stock. The defendant, who had contacts at CCTC, was encouraged by co-conspirators to attempt to convince CCTC principals to remove the "warning" from its website because it was hurting sales made by the boiler room. Emails prove that the defendant assured his co-conspirators he would do what he could to get the "warning" removed from the website. The foregoing establishes, at a minimum, that the defendant was a "full blown" member of the conspiracy, not someone who was simply duped by others.

The defendant essentially now claims that his age, his poor physical and mental health, and his contention that he had a "minor" role in the offense, support a downward departure and/or downward variance. Despite the fact that the defendant's likely guideline range is

7

12-18 months imprisonment, the defendant seeks a sentence of probation (Dkt. 908, p. 3). Such a large downward departure is unwarranted.

The defendant goes to great lengths in his sentencing memorandum to minimize his involvement in the conspiracy in order to justify his request for a sentence of probation. For example, he claims that he should be sentenced to a period of probation to avoid any sentencing disparities. (Dkt. 908, p. 12-14). Specifically, he blames co-defendants Gene FOLAND and Jeffrey KLEIN, for his involvement in the scheme to defraud and argues that he deserves less punishment. Id. p. 13. However, without the restricted shares that the defendant was able to provide to the boiler room, the fraud scheme could not succeed. Even the most naïve investors demanded physically to see the shares of stock they purchased and the defendant was able to procure the restricted shares needed.

The defendant notes that defendant KLEIN, and defendant FOLAND, entered into plea agreements with the government that were entered pursuant to Fed.R.Crim.P., Rule 11(c)(1)(C). The defendant maintains that because it is anticipated that KLEIN and FOLAND will receive a sentence that does not include incarceration, he should be sentenced similarly. However, the defendant fails to recognize the extent of the cooperation offered by KLEIN and FOLAND. Comparing plea agreements between co-conspirators in a large complex case like this is like comparing apples to oranges. It cannot be done.



[redacted] REDACTED

Based upon the nature and circumstances of the offense, the need for the sentence imposed to reflect the seriousness of the offense and to afford adequate deterrence, a sentence of 12 to 18 months imprisonment would be sufficient but not greater than necessary to achieve the purposes of 18 U.S.C. § 3553.

## CONCLUSION

For the foregoing reasons, the defendant should be sentenced to a term of imprisonment of 12 to 18 months.

DATED:   Buffalo, New York, January 8, 2019.

                                JAMES P. KENNEDY, JR.
                                United States Attorney


BY:   s/RUSSELL T. IPPOLITO, JR.
        Assistant United States Attorney
        United States Attorney's Office
        Western District of New York
        138 Delaware Avenue
        Buffalo, New York 14202
        (716) 843-5700, ext. 843
        Russell.Ippolito@usdoj.gov

TO:   Richard Rosenbaum, Esq.

      United States Probation Department
      Attn: Alexandra G. Piskorz, USPO